IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE SANTIAGO-MONTANEZ,**

    **Plaintiff,**

                  **v.**                  **CIVIL NO. 13-1266 (PAD)**

**UNITED STATES OF AMERICA**

    **Defendant.**

**OPINION AND ORDER**

Delgado-Hernández, District Judge

    José Santiago-Montañez initiated this action against the United States and others under the Federal Tort Claims Act,[1] essentially claiming that the Veterans Administration ("VA") was negligent (1) in not informing him that a VA doctor had diagnosed him with anxiety neurosis with paranoid features and in need of psychotherapy in 1977; and (2) in failing to give him proper treatment for a finger injury (Docket No. 1 at pp. 8-14, 19-23). Before the Court is the United States' "Motion for Summary Judgment" (Docket No. 26), which plaintiff opposed (Docket No. 32). The United States replied (Docket No. 39). For the reasons explained below, the motion for summary judgment is GRANTED and the case DISMISSED.

## I.    STANDARD OF REVIEW

    Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] The only proper defendant in an FTCA action is the United States. McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006); Rosado-Montes v. United States, 8 F.Supp.3d 55, 65 (D.P.R. 2014).

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 2 of 9

José Santiago-Montanez v. United States of America. et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 2

of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant need to no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

## II. FACTUAL BACKGROUND

### A. Psychiatric Evaluation

Plaintiff served in the Vietnam conflict, returning to Puerto Rico in 1977 (Docket No. 1 at ¶ 19). That same year he was evaluated by Dr. J. García Saavedra, a VA psychiatrist, who wrote in plaintiff's record: "anxiety neurosis with paranoid features," and "in need of psychotherapy." See, Docket No. 36-2, Defendants' Statement of Facts in Support of Motion for Summary

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 3 of 9

José Santiago-Montanez v. United States of America. et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 3

Judgment ("SUMF") at ¶ 3.  In 2011, Dr. Rosa I. Vargas of the VA interviewed plaintiff. According to the record of the interview:

> [P]ast psychiatric history: [Patient] [d]enies past history of psychiatric treatment. Denies prior psychiatric hospitalizations. Refers in 1977 he was told about being referred to a psychiatrist but never get (sic) appointment. … [R]ecord list[s] 'depression' in 2002 and 2008, both by primary care provider; however patient says he does not recall about this and is unable to articulate symptoms of persistent depression in the past - refers [he] has never been in [sic] psychiatric medications.
>
> SUMF at ¶ 4.[2]

Plaintiff alleges to have only discovered the 1977 note in 2010, after he requested and obtained copy of his VA records in connection with a back injury he suffered 1976.  Thus, he blames the VA for 33 years of suffering (including anxiety, depression, unemployment, monetary loss, damaged relations with friends and former wife, drug use, and frustration); problems that in his view, could have been avoided if he had been given timely notice of his diagnosis (Docket No. 1 at ¶ 32-35).  For this incident, in 2012 plaintiff filed an administrative claim with the VA.

**B. Finger Injury**

On November 8, 2011, plaintiff injured his left pinky while exercising.  SUMF at ¶ 7.  Two days later, he went to the Emergency Room of the VA Hospital in San Juan due to severe swelling and pain in the injured finger.  There, a doctor evaluated him, reporting, "…severe swelling and with associated hematoma on medical aspect that extended to bed of nail.  He also has an associated bulla, with serosanguinolent fluid in it. The finger is not warm and has no erythema." SUMF at ¶

---

[2] Plaintiff argues the record is not accurate because he never informed any doctor "that in 1977 he was told about being referred to a psychiatrist but never got an appointment," and her notes only include "a subjective synopsis or opinion of the psychiatric who wrote the note." Id.  However, he does not deny that the medical record contains the statement.

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 4 of 9

José Santiago-Montanez v. United States of America, et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 4

8.[3]   At approximately 7:30 p.m., plaintiff left the Hospital without the prescribed medication because he did not want to wait any longer. A physician telephoned him later that day at 8:15 p.m., to inform him about an x-ray report and to tell him to pick up the medication. SUMF at ¶ 9.[4] On November 14, 2011, a VA Hospital Telecare Nurse called plaintiff to remind him to pick up the medication. SUMF at ¶ 10.[5]

On November 15, 2011, plaintiff reported to a physical therapy appointment in the VA Hospital for a back problem, but was sent to the emergency room due to his still swollen finger, and told to visit his doctor as soon as possible. SUMF at ¶ 11.[6] On November 18, 2011, he went back to physical therapy. This time, he had a tape bandage and two "mini Band-Aids" on his finger. The bandage was changed for a clean gauze and covered with tegaderm for protection until plaintiff could see his doctor. SUMF at ¶ 12.[7]

On November 25, 2011, plaintiff returned to physical therapy with a clean bandage on the injured finger. SUMF at ¶ 13.[8] Three days later, he showed up in the VA's Primary Care Clinic complaining of finger pain. He was upset because the November 10, 2011 prescription had been mailed to him, which he claimed caused him to start taking it late. SUMF at ¶ 14.

---

[3] As with SUMF ¶ 4, plaintiff qualifies this statement because of the lack of certification of the medical records. Plaintiff's objection is moot as, although it vehemently disagreed with plaintiff's contentions pertaining to the certification (Docket No. 39 at pp. 1-2), the government submitted the certification of plaintiff's medical records at Docket No. 43. Similar objections were made as to SUMF ¶¶ 9-14.

[4] Plaintiff does not deny he left around 7:30 p.m. but contends that he explained he was taking care of his elderly mother and had to leave. His qualifications and explanations as to the reasons for leaving do not contest SUMF ¶ 9.

[5] Plaintiff's qualification does not contest this fact. It only refers to his administrative claim before the VA.

[6] Plaintiff's qualification does not contest this fact. See discussion at FN 3.

[7] Plaintiff's qualification does not contest this fact. See discussion at FN 3.

[8] Plaintiff's qualification does not contest this fact. See discussion at FN 3.

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 5 of 9

José Santiago-Montanez v. United States of America. et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 5

### III.  DISCUSSION

#### A.  Psychiatric Evaluation: Timeliness

Under the FTCA, a claim must be presented to the "appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The claim accrues when plaintiff knows (or reasonably should have known) the existence of his injury and its cause. Donahue v. U.S., 634 F. 3d 615, 623 (1st Cir. 2011). The frame of reference for evaluating what a reasonable plaintiff should have known or discovered is an objective one. Id. at 624. To delay commencement of the running of the statute of limitations, the factual basis for the cause of action must have been inherently unknowable; that is, not capable of detection through the exercise of reasonable diligence at the time of the asserted injury. Sánchez v. U.S., 740 F. 3d 47, 52 (1st Cir. 2014).

The government argues that, as documented in Dr. Rosa Vargas' notes, plaintiff was made aware of his need for a psychiatrist in 1977, but he failed to follow up with an appointment. Plaintiff alleges that contrary to what is written in the medical record, he only discovered Dr. García-Saavedra's 1977 diagnosis and recommendation in 2010. As result, he maintains the government is liable for all the emotional problems he has had throughout the last 33 years.

A reasonable person with anxiety, depression, damaged relations with friends and former wife, drug use, and frustration such as plaintiff claims he had, would have sought the VA's assistance before 2010 to determine whether something was wrong with him. Those conditions are not inherently unknowable. They are, and were, capable of detection. In fact, plaintiff was aware of them. But he offers no explanation for not having sought treatment in 33 years. Nor does he shed light on why he did not ask the psychiatrist who interviewed him in 1977, what the psychiatrist's opinion was at that time. In these circumstances, it is not feasible to conclude that

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 6 of 9

José Santiago-Montanez v. United States of America. et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 6

the complaint, filed decades after the alleged injury, was timely filed. The claim accrued in 1977, is barred by the FTCA's two-year limitations period, and must be dismissed.

### B. Finger Injury: Absence of Negligence

The FTCA mandates that an inquiring court look to "the law of the place where the act or omission occurred" when making a liability determination. 28 U.S.C. § 1346(b)(1). There being no dispute that all relevant events surrounding plaintiff's claim transpired in Puerto Rico, the substantive rules of decision from Puerto Rico law apply. Calderón-Ortega v. U.S., 753 F.3d 250, 252 (1st Cir. 2014).

Article 1802 of the Puerto Rico Civil Code states that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Law Ann. tit. 31 ¶ 5141. Negligence involves breach of the duty to conform to a certain standard of care. Nieves-Romero v. United States, 715 F.3d 375, 378-379 (1st Cir. 2013); Vázquez-Filippetti v. Banco Popular, 504 F.3d 43, 49 (1st Cir. 2007). A physician has the duty to provide patients with medical care "that, in the light of the modern means of communication and education, meets the requirements generally recognized by the medical profession." Santiago-Otero v. Méndez, 135 D.P.R. 540 (1994); Casillas-Sanchez v. Ryder Memorial Hosp., Inc., 14 F.Supp.3d 22, 24 (D.P.R. 2014).

A treating physician enjoys a presumption that she possessed the reasonable knowledge and skills required by controlling medical standards, and that she provided reasonable and adequate care to the patient. Del Valle Rivera v. U.S., 630 F.Supp. 750, 756 (D.P.R.1986). To overcome this presumption, a plaintiff ordinarily must provide expert testimony to outline the minimum acceptable standard of care and to conform the defendant doctor's failure to meet it.

Pages-Ramirez v. Ramirez-Gonzalez, 605 F.3d 109, 113 (1st Cir.2010); Casillas-Sanchez, 14 F.Supp.3d at 24. Similarly, a plaintiff's burden of refuting the presumption can only be met with evidence that the alleged fault and damage is more than a mere hindsight possibility. Viuda de Lopez v. E.L.A., 104 D.P.R. 178, 183 (1975). Plaintiff must show that among all listed potential causes of fault and damage, the negligent act of the physician stands out as the main probable cause of the fault and its consequent damage. Del Valle Rivera, 630 F.Supp. at 756.

Plaintiff alleges that VA doctors were negligent in failing to provide proper antibiotics and treatment for the finger injury. The record shows plaintiff decided to leave the Hospital without the prescribed medication. Contrary to the instructions he received, he failed to pick up the medication the next day, and waited a number of days before returning to the Hospital looking for the medication (which, by that time, had already been mailed to him). Further, although he went to several physical therapy appointments, he did not visit the emergency room again nor see his treating doctor. He did not return to the Hospital to receive care for his finger until November 28, 2011. There is no objective indication that VA doctors were anything but diligent in providing medical care here.

Plaintiff contends that an expert report rendered by Dr. Julio A. Albino Vázquez (Docket No. 32, Exh. 3) shows VA doctors were negligent. The report asserts that "the Administration of Veterans is responsible for the negligent acts of one of their emergency room physicians." Id. at p. 4. It states the VA doctor did not properly manage the wound in Santiago's finger (Id. at pp. 3-4); and when "she examined his finger, it showed clear and obvious signs of an infection, and … the presence of an abscess that should have been drained so the wound healing process would have begun and be more effective." Id.

Case 3:13-cv-01266-PAD   Document 46   Filed 05/11/15   Page 8 of 9

José Santiago-Montanez v. United States of America. et al.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 8

But how would Dr. Albino know? He was not with plaintiff in the emergency room. And his report does not contain any specific reference to the VA's medical records upon which the opinion is based nor cites to any medical regulations, treatise or literature to rebut the presumption that VA doctors applied the accepted standard of medical care in treating plaintiff. As such, it falls outside the acceptable boundaries of sufficiency to generate a genuine factual dispute. See, Pérez-Traverso v. Hosp. Comunitario Buen Samaritano, 2014 WL 1155346, *2 (D.P.R. March 21, 2014)(disregarding proposed statement of fact based on expert report with conclusory assertions); UpdateCom, Inc. v. FirstBank P.R., Inc., 2014 WL 346436, *4 (D.P.R. January 30, 2014)(explaining that, at the summary judgment stage, courts may not rely on expert reports that fail to state the basis and reasoning behind their opinions). See also, Hillburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1227-1229 (11th Cir. 1999)(summary judgment dismissing disability discrimination claim brought by plaintiff with coronary heart disease who according to his doctor, suffered diminished tolerance for normal daily activities, and was substantially limited in the major life activities of performing manual tasks; the doctor's statement was rejected as lacking specific facts to support these conclusions). Consequently, the claim related to the finger injury must be dismissed.

## IV.   CONCLUSION

Conclusory allegations, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative do not suffice to ward off a properly supported motion for summary judgment. Nieves-Romero v. United States, 715 F. 375, 378 (1st Cir. 2013). Such is the case here. Therefore, the United States' motion for summary judgment (Docket No. 26) is GRANTED and the case DISMISSED.

José Santiago-Montanez v. United States of America. *et al*.
Civil No. 13-1266 (PAD)
Opinion and Order
Page 9

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of May, 2015.

                              s/Pedro A. Delgado-Hernández
                              PEDRO A. DELGADO-HERNÁNDEZ
                              United States District Judge

.